IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERLIN RAY GRANBERG,

    Petitioner,        No. CIV S-07-0852 LKK DAD P

  vs.

WARDEN KUMA J. DEBOO, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has paid the filing fee.

        In his petition, petitioner alleges that Warden Deboo and Officer Johnson removed him from his prison job assignment in the laundry room because of his disability and gave him the choice of being assigned to work either in education or recreation instead. Petitioner alleges he was under the impression that his pay and job grade would remain the same following the reassignment, but later learned that his pay was cut in half and he lost a job grade. Petitioner alleges that, after he began working as a clerk in recreation, his supervisor Mr. Curruth, demoted him.  Petitioner contends that the demotion was an act of retaliation for filing previous complaints.  Among other things, plaintiff requests an order reinstating him in his laundry job.

1

Petitioner is advised that § 2241 habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the execution of his sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990). Such relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In contrast, a civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Bivens v. Six Unknown Named Agents, 403 U.S. 388, 390, 397 (1971). Petitioner's claims concern the conditions of his confinement and therefore may be raised only in a civil rights action. Accordingly, the court will recommend that petitioner's petition be dismissed without prejudice to the filing of a civil rights action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be dismissed without prejudice to the filing of a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gran0852.156

2